UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 00-6211

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

JUMPING JAVA COFFEE, INC.,
a Florida corporation; and
MITCHELL BERMAN, individually, and
as an officer of the corporation,

DEFENDANTS.

_____)

**COMPLAINT FOR CIVIL PENALTIES, CONSUMER REDRESS,
PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "the Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57b, to secure civil penalties, consumer redress, a permanent injunction and other equitable relief for defendants' violations of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" (the "Franchise Rule" or the "Rule"), 16 C.F.R. Part 436, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).



## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a) and 57b. This action arises under 15 U.S.C. § 45(a).

3.      Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

## DEFENDANTS

4.      Defendant Jumping Java Coffee, Inc. ("Java"), a Florida corporation with its principal place of business at 1734 Avenida Del Sol, Boca Raton, Florida 33432, promotes and sells display rack business ventures. Java transacts or has transacted business in the Southern District of Florida.

5.      Defendant Mitchell Berman is the President of Java. In connection with the matters alleged herein, he transacts or has transacted business in the Southern District of Florida. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled or participated in the acts and practices of the corporate defendant, including the acts and practices set forth in this complaint.

## COMMERCE

6.      At all times relevant to this complaint, the defendants have maintained a substantial course of trade in the offering for sale and sale of display rack business ventures, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

7. The defendants offer and sell display rack business ventures to prospective purchasers. The defendants promote their business ventures through classified ads in newspapers.

8. In their advertisements, defendants make representations about the earnings potential of their business venture, and urge consumers to call defendants' toll-free telephone number to learn more about the opportunity. For example, defendants' classified newspaper advertisements have stated:

> "A DIVORCE FORCES SALE!
> 20 local COFFEE accts.
> Work 6 hrs/week. Earn 45K+/yr.
> Must Sell! 1-800-909-5437"

9. Consumers who call the defendants' toll-free telephone number are ultimately connected to defendants, or their employees or agents, who make representations about the earnings potential of the business venture and the actual earnings of prior purchasers, without giving prospective purchasers access to the information they need to evaluate the claims. For example, the defendants or their employees or agents have represented that 20 of their display racks typically generate a profit of $35,000 per year.

## THE FRANCHISE RULE

10. The business ventures sold by the defendants are franchises, as "franchise" is defined in Section 436.2(a)(1)(i) and (ii), (a)(2) and (a)(5) of the Franchise Rule, 16 C.F.R. § 436.2(a)(1)(i) and (ii), (a)(2) and (a)(5).

11. The Franchise Rule requires a franchisor to provide prospective franchisees with a complete and accurate basic disclosure document containing twenty categories of information,

including information about the litigation and bankruptcy history of the franchisor and its principals, the terms and conditions under which the franchise operates, and information identifying existing franchisees. 16 C.F.R. § 436.1(a)(1) - (a)(20). The pre-sale disclosure of this information required by the Rule enables a prospective franchisee to contact prior purchasers and take other steps to assess the potential risks involved in the purchase of the franchise.

12.  The Franchise Rule additionally requires: (1) that the franchisor have a reasonable basis for any oral, written, or visual earnings or profit representations ("earnings claims") it makes to a prospective franchisee, 16 C.F.R. § 436.1(b)(2), (c)(2) and (e)(1); (2) that the franchisor provide to prospective franchisees an earnings claim document containing information substantiating any earnings claims it makes, 16 C.F.R. § 436.1(b)-(e); and (3) that the franchisor, in immediate conjunction with any generally disseminated earnings claim, disclose additional information including the number and percentage of prior purchasers known by the franchisor to have achieved the same or better results, 16 C.F.R. § 436.1(e)(3)-(4).

13.  Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. 57a(d)(3), and 16 C.F.R. § 436.1, violations of the Franchise Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **VIOLATIONS OF THE FRANCHISE RULE**

### **COUNT ONE**

14.  Paragraphs 1 through 13 are incorporated herein by reference.

15.  In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants have failed to provide prospective franchisees with accurate and complete basic disclosure documents within the time period required by the Franchise Rule, thereby

violating Section 436.1(a) of the Rule, 16 C.F.R. § 436.1(a), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## COUNT TWO

16. Paragraphs 1 through 13 are incorporated herein by reference.

17. In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants or their employees or agents have made earnings claims within the meaning of the Rule, 16 C.F.R. § 436.1(b)-(d), but have failed to provide prospective franchisees with earnings claim documents within the time period required by the Franchise Rule, have failed to have a reasonable basis for such claims at the times they were made, or have failed to disclose the information required by the Rule in immediate conjunction with such claims, thereby violating Sections 436.1(b)-(d) of the Rule, 16 C.F.R. § 436.1(b)-(d), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## COUNT THREE

18. Paragraphs 1 through 13 are incorporated herein by reference.

19. In connection with the offering of franchises, as "franchise" is defined in the Rule, 16 C.F.R. § 436.2(a), defendants have made generally disseminated earnings claims within the meaning of the Rule, 16 C.F.R. § 436.1(e), but have failed to disclose information required by the Franchise Rule in immediate conjunction with such claims, including the number and percentage of prior purchasers known by the defendants to have achieved the same or better results, have failed to have a reasonable basis for such claims at the times they were made, or have failed to provide prospective franchisees with earnings claim disclosures at the times required by the Rule whenever such claims

are made, thereby violating Section 436.1(e) of the Rule, 16 C.F.R. § 436.1(e), and Section 5 of the FTC Act, 15 U.S.C. § 45.

## CONSUMER INJURY

20.  Consumers in the United States have suffered and will suffer substantial monetary loss as a result of defendants' violations of the Franchise Rule and the FTC Act. Absent injunctive relief by this Court, defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

21.  Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

22.  Section 5(m)(1)(A) of the FTC Act, § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to award civil penalties of not more than $11,000 for each violation of the Franchise Rule occurring after November 20, 1996. The defendants' violations of the Rule were committed after that date and with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

23.  Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers or other persons resulting from defendants' violations of the Franchise Rule, including the rescission and reformation of contracts, and the refund of money.

24. This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by the defendants' violations of the Franchise Rule and the FTC Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b, and pursuant to its own equitable powers:

1. Enter judgment against the defendants and in favor of the plaintiff for each violation alleged in this complaint;

2. Permanently enjoin the defendants from violating the Franchise Rule and the FTC Act;

3. Award plaintiff monetary civil penalties from each defendant for every violation of the Franchise Rule;

4. Award such relief as the Court finds necessary to redress injury to consumers resulting from the defendants' violations of the Franchise Rule and the FTC Act, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains; and

5. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED:

Of Counsel:

EILEEN HARRINGTON
Associate Director for
 Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

CRAIG TREGILLUS
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: (202) 326-2970
FAX: (202) 326-3395

FOR THE UNITED STATES OF AMERICA:

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

THOMAS E. SCOTT
United States Attorney

By: *Laurie E. Rucoba*
LAURIE E. RUCOBA
Assistant United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
No. A5500052
PHONE: (954) 356-7314, Ext. 3613
FAX: (954) 356-7180

*Richard N. Goldberg*
RICHARD N. GOLDBERG
Trial Attorney
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
PHONE: (202) 307-2532
FAX: (202) 514-8742

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
JUMPING JAVA COFFEE, INC., a Florida corporation; and MITCHELL BERMAN, individually, and as an officer of the corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LAURIE E. RUCOBA, Ass't US Attorney
United States Attorney's Office, Ste. 700
500 East Broward Blvd., Ft. Lauderdale, FL 33394

ATTORNEYS (IF KNOWN)
Unknown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | B[ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| B[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | | A[ ] 871 IRS — Third Party 26 USC 7609 | [X] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Defendants engaged in unfair or deceptive acts violating 15 U.S.C. Section 45(a the Federal Trade Commission Act.

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) N/A
JUDGE _____ DOCKET NUMBER _____

DATE 2/11/00
SIGNATURE OF ATTORNEY OF RECORD
Laurie E. Rucoba
Assistant U.S. Attorney

FOR OFFICE USE ONLY
954-356-7314, Ext. 3613

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____