UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

00 APR 21 PM 12:01

CLERK, DIST CT.
S.D. OF FLA - MIA

Case No. 00-6211-CIV-SEITZ/GARBER

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| PLAINTIFF, | ) |
| v. | ) |
| JUMPING JAVA COFFEE, INC., a Florida corporation; and MITCHELL BERMAN, individually, and as an officer of the corporation, | ) |
| DEFENDANTS. | ) |

## SCHEDULING REPORT

Plaintiff, United States of America, by Richard N. Goldberg, and defendants, Jumping Java Coffee, Inc., and Mitchell Berman, by John F. O'Donnell, pursuant to this court's order of February 25, 2000, and Rule 16.1(B), Local Rules of the Southern District of Florida, hereby submit the following report of a scheduling meeting between counsel for the parties. A proposed scheduling order is attached.

A. <u>Schedule of discovery</u>

Pursuant to Local Rule 16.1(B), all documents reasonably available and contemplated to be used in support of the parties' allegations, and a list of individuals likely to have discoverable information, will be exchanged by the parties by April 24, 2000. Further documents and witness lists will be exchanged in such time to allow the parties to prepare for discovery and trial. The parties shall furnish opposing counsel with a written list by September 22, 2000, containing the names, addresses, and phone numbers of all fact witnesses intended to be called at trial and,



except for rebuttal witnesses, only those witnesses listed shall be permitted to testify. The parties shall furnish opposing counsel with a written list by October 20, 2000, containing the names, addresses, and phone numbers of all expert witnesses intended to be called at trial and, except for rebuttal witnesses, only those witnesses listed shall be permitted to testify. A proposed schedule is attached.

B. Settlement

The parties have begun to discuss the possibility of resolving this case by settlement. The parties will continue to discuss this issue in good faith in the future and rate the likelihood of settlement of this action as fair.

C. Likelihood of appearance of additional parties

The parties do not believe that such joinder is likely.

D. Proposed limits on time

(i) Joinder of parties and amendment of pleadings

The parties will seek to join any additional parties and amend the pleadings by July 28, 2000.

(ii) To file and hear motions

The parties propose that all dispositive motions and memoranda of law must be filed by November 2, 2000; memoranda in opposition to dispositive motions shall be filed by November 24; and reply memoranda by December 1. All such motions and memoranda shall be served by Federal Express overnight delivery. The parties propose that the dispositive motions be resolved by January 12, 2001.

(iii) To complete discovery

The parties propose that all discovery must be completed by October 20, 2000.

E. Stipulations and admissions

The parties agree that they will likely be able to arrive at stipulations which will expedite the trial in this case.

F. Amendments to the pleadings

The parties will seek to amend the pleadings by July 28, 2000.

G. & H. Admissions of fact and of documents, and avoidance of unnecessary proof

It is anticipated that the parties will be able to stipulate to the authenticity of documents and to certain facts.

I. Reference to Magistrate Judge or Master

The parties stipulate to referral of this matter to a magistrate judge, as set forth in Attachments C and D.

J. Trial Time Estimate

The parties estimate that the trial in this case will require approximately three to four days.

K. Pretrial Conference and Trial

The parties request that a pretrial conference be held on February 9, 2001, and that trial begin on February 19, 2001.

L. Trial by Jury

The trial of this matter will be by jury.

M. Outline of legal elements

(i) Plaintiff's claims

All counts of the Complaint require that the Franchise Rule apply to Jumping Java's business. For such coverage, Jumping Java must sell "franchises" as defined by the Rule, 16 C.F.R. § 436.2(a). A business opportunity is a franchise if, 1) as part of the business acquired from Jumping Java, consumers sold goods or services supplied by Jumping Java or a supplier chosen by Jumping Java; 2) Jumping Java provided (or promised to provide) consumer with the services of a person able to secure retail outlets, accounts, sites, or locations for goods or services; and 2) any time within 6 months of commencing the operation of the business, the consumer was required to pay Jumping Java a sum of at least $500. A business opportunity that meets the definition is a franchise, regardless of Jumping Java's intent or characterization on the business opportunity.

The second part of this definition requires that Jumping Java provide (or promise) consumers the services of a person to secure retail outlets, accounts, sites, or locations for the goods or services. This requirement is met if Jumping Java secured locations for the coffee display racks, or provided consumers with the services of a person to secure sites for the racks. It is not necessary that Jumping Java assumed all the responsibility for securing the locations.

This requirement is satisfied if Jumping Java introduced the investor to a third person to secure locations, accounts or sites, or merely provided the investor with a list of such persons, or instructed the investors on how to find their own locations. This requirement also is satisfied if Jumping Java offered or promised to provide significant assistance in obtaining locations. The requirement would be satisfied even if Jumping Java did not actually provide the assistance he offered to prospective investors.

The other element of the first count of the Complaint is that Jumping Java failed to provide franchisees with an accurate and complete basic disclosure document within the time period required by the Franchise Rule, in connection with the offering of franchises.

The second count of the Complaint requires plaintiff to show that Jumping Java made earnings claims within the meaning of the Franchise Rule, 16 C.F.R. § 436.1(b)-(d), in connection with the offering of franchises, without providing prospective franchisees with earnings claim documents within the time period required by the Franchise Rule, without having a reasonable basis for such claims at the times they were made, or without disclosing the information required by the Rule in immediate conjunction with such claims.

The third count of the Complaint requires plaintiff to show that Jumping Java made generally disseminated earnings claims, in connection with the offering of franchises, without disclosing information required by the Franchise Rule. Such disclosures must include the number and percentage of prior purchasers known by Jumping Java to have achieved the same or better results, a reasonable basis for such claims at the times they were made, or earnings claim disclosures at times required by Rule whenever such claims are made.

(ii) <u>Defendant's defenses</u>

Defendants contend that Plaintiff will be unable to meet its burden of proof as to the counts of the complaint, and, specifically, that they will be unable to meet that burden with respect to Defendant Mitchell Berman.

N. <u>Good faith estimate of specific dollar valuation of actual damages and other relief</u>

The plaintiff is currently aware of three violations of the franchise rule, which give rise to a penalty of $11,000 per violation. The plaintiff, however, will be unable to provide a complete valuation until further discovery is taken.

O. <u>Need for variance from Local Rule or Federal Rules of Civil Procedure</u>

At this time, the parties foresee no need for variance from the local rules or Federal Rules of Civil Procedure.

DATED: *April 21, 2000*

Of Counsel:

EILEEN HARRINGTON
Associate Director for
 Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

CRAIG TREGILLUS
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: 202-326-2970
FAX: 202-326-3395

FOR THE UNITED STATES OF AMERICA:

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

THOMAS E. SCOTT
United States Attorney

By: *[signature]*
NANCY LANGSTON
Assistant United States Attorney
Fla. Bar No. A5500437
99 N.E. 4th Street
3rd Floor
Miami, Florida 33132
PHONE: 305-961-9012
FAX: 305-530-7139

*[signature]*
RICHARD N. GOLDBERG
Trial Attorney
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-2532
FAX: 202-514-8742
EMAIL: richard.goldberg@usdoj.gov

FOR THE DEFENDANTS:

*[signature]*
JOHN F. O'DONNELL
Fla. Bar. No. 264891
2648 Northeast 26th Place
Fort Lauderdale, FL 33306
PHONE: 954-563-9993
FAX: 954-563-9995

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6211-CIV-SEITZ/GARBER

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| JUMPING JAVA COFFEE, INC., | ) |
| a Florida corporation; and | ) |
| MITCHELL BERMAN, individually, and as an | ) |
| officer of the corporation, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## SCHEDULING ORDER

Pursuant to Local Rule 16.1 (b)(7), IT IS ORDERED AND ADJUDGED as follows:

1. This case will be assigned to a standard track, pursuant to Local Rule 16.1.A.2.

2. The following time table shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances.

   a. Additional parties will be joined and pleadings amended by July 28, 2000.

   b. The parties shall furnish opposing counsel with a written list by September 22, 2000, containing the names, addresses, and phone numbers of all fact witnesses intended to be called at trial and, except for rebuttal witnesses, only those witnesses listed shall be permitted to testify. The parties shall furnish opposing counsel with a written list by October 20, 2000, containing the names, addresses, and phone numbers of all expert witnesses intended to be called at trial and, except for rebuttal witnesses, only those witnesses listed shall be permitted to testify.

    c. All discovery must be completed by October 20, 2000.

    d. All dispositive pretrial motions and memoranda of law must be filed by

_____; oppositions to dispositive motions shall be filed by _____;

and replies by _____. All such motions shall be served by Federal Express

overnight delivery.

    e. Dispositive motions shall be resolved by _____.

    f. A pretrial conference shall be held on _____.

    g. Trial shall commence on _____.

3. The Manual on Complex Litigation will not be required in this case.


Dated this _____ day of _____, 2000.


                                                                               UNITED STATES DISTRICT JUDGE


Copies furnished:
AUSA Nancy Langston
Richard N. Goldberg
John F. O'Donnell

Distribution List for United States v. Jumping Java Coffee, Inc., et al.,
Case number: 00-6211-CIV-SEITZ/GARBER

AUSA Nancy Langston
U.S. Attorney's Office
99 N.E. 4th Street
3rd Floor
Miami, Florida 33132
PHONE: 305-961-9012
FAX: 305-530-7139

Richard N. Goldberg
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-2532
FAX: 202-514-8742
EMAIL: richard.goldberg@usdoj.gov


John F. O'Donnell
2648 Northeast 26th Place
Fort Lauderdale, FL 33306
PHONE: 954-563-9993
FAX: 954-563-9995

### Pretrial Deadlines, Pretrial Conference and Trial Date

July 28, 00 — Joinder of parties and amendment of pleadings.

Sept 22, 00 — Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information.

Oct 20, 00 — All *fact* discovery must be completed.

Oct 20, 00 — Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

Oct 20, 00 — Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

Oct 20, 00 — All *expert* discovery must be completed.

N/A — Mediation must be completed.

Nov 2, 00 — All dispositive pretrial motions and memoranda of law must be filed.

Jan 5, 01 — (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and
(b) A joint statement outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised, either in the form of a proposed jury instruction (for jury cases) or proposed conclusions of law (for non-jury cases); and
(c) Joint Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

Jan 19, 01 — Final proposed jury instructions or findings of fact and conclusions of law must be submitted. *(A courtesy copy shall be hand-delivered to Chambers on 3.5 diskette, WordPerfect format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

Feb 9, 01 — Pretrial conference.

Feb 19, 01 — Trial Date.

N/A — Date of any other deadline the parties adopt as part of their case management plan.

[Attachment A]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6211-CIV-SEITZ/GARBER

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JUMPING JAVA COFFEE, INC., et al

       Defendant.

_____/

### ELECTION TO JURISDICTION BY A UNITED STATES
### MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs              Yes ✓   No ___
2. Motions for Attorney's Fees    Yes ✓   No ___
3. Motions for Sanctions          Yes ✓   No ___
4. Motions to Dismiss             Yes ✓   No ___
5. Motions for Summary Judgment   Yes ✓   No ___
6. Other (specify) _____

4/18/00
(Date)                            (Signature-Plaintiff's Counsel)

_____                        _____
(Date)                            (Signature-Plaintiff's Counsel)

4/20/00
(Date)                            (Signature-Defendant's Counsel)

_____                        _____
(Date)                            (Signature-Defendant's Counsel)

[Attachment C]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6211-CIV-SEITZ/GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUMPING JAVA COFFEE, INC., et al

    Defendant.
_____/

### ELECTION TO JURISDICTION BY A
### UNITED STATES MAGISTRATE JUDGE FOR TRIAL

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

4/18/00
(Date)                    (Signature-Plaintiff's Counsel)

4/21/00
(Date)                    (Signature-Plaintiff's Counsel)

4/20/00
(Date)                    (Signature-Defendant's Counsel)

_____
(Date)                    (Signature-Defendant's Counsel)

[Attachment D]