UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6211-GARBER

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| JUMPING JAVA COFFEE, INC., | ) |
| a Florida corporation; and | ) |
| MITCHELL BERMAN, individually, and as an | ) |
| officer of the corporation, | ) |
| | ) |
| DEFENDANTS. | ) |



## STIPULATED JUDGMENT AND
## ORDER FOR PERMANENT INJUNCTION

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), has

commenced this action by filing the Complaint herein, and Defendants have been served with the

summons and the complaint. The parties, represented by the attorneys whose names appear

hereafter, have agreed to settlement of this action without adjudication of any issue of fact or law,

and without the Defendants admitting liability for any of the violations alleged in the Complaint.

THEREFORE, on the joint motion of the parties, it is hereby ORDERED, ADJUDGED

AND DECREED as follows:



## FINDINGS

1.      This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2.      Venue is proper as to all parties in the Southern District of Florida.

3.      The activities of the Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted against the Defendants, under Sections 5(a), 5(m)(1)(A), 9, 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 49, 53(b), and 57b.

5.      Defendants have entered into this Stipulated Judgment and Order ("Order") freely and without coercion.  Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6.      Plaintiff and Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7.      Defendants have agreed that this Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

8.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.      "Business Venture" means any written or oral business arrangement, however denominated, whether or not covered by the Franchise Rule, which consists of the payment of any consideration for:

    a.      The right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

    b.      The promise or provision of assistance to any person in connection with: (1) the establishment, maintenance, or operation of a new business; or (2) the entry by an existing business into a new line or type of business, including, but not limited to, referrals to one or more persons providing location services.

3.      "Defendants" means the Corporate Defendant and Individual Defendant. The "Corporate Defendant" is Jumping Java Coffee, Inc.. The "Individual Defendant" is Mitchell Berman, individually and as an officer of the Corporate Defendant.

4.      The "Franchise Rule" or "Rule" means the FTC Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions concerning Franchising and Business Opportunity Ventures," 16 C.F.R. Part 436.

**STIPULATED JUDGMENT AND ORDER**
Page 3

5.    "Franchise" and "Franchisor" are defined as those terms are defined in Sections 436.2(a) and (c) of the Franchise Rule, 16 C.F.R. § 436.2(a) and (c), and include "business opportunity ventures" as defined in Sections 436.2(a)(1)(ii) and (2) of the Rule, and discussed in the FTC's Final Interpretive Guide for the Franchise Rule, 44 Fed. Reg. 49966-68 (August 24, 1979). The term "franchise" in this Order shall also encompass any successor definition of "franchise," "business opportunity" and "business opportunity venture" in any future trade regulation rule or rules that may be promulgated by the Commission to modify or supersede the Franchise Rule, in whole or part, from the date any such rule takes effect.

6.    "Franchise broker" is defined as that term is defined in Section 436.2(j) of the Franchise Rule, 16 C.F.R. § 436.2(j). The term "Franchise broker" in this Order shall also encompass any other entity through which the franchisor sells franchises, including, but not limited to, subfranchisors, master franchisees, or regional franchisees.

7.    "Income-generating product or service" means any product or service directly or indirectly represented by the defendants or their representatives as a possible source of income or profit for the person to whom it is sold.

8.    "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, or any other group or combination acting as an entity.

9.    "Representatives" means the Defendants' successors, assigns, officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

**STIPULATED JUDGMENT AND ORDER**
Page 4

10.    "Telemarketing" means the advertising, offering for sale, or sale of any good or service to any person by means of telephone sales presentations, either exclusively or in conjunction with the use of other advertising.

11.    "UFOC format" is defined as the Uniform Franchise Offering Circular disclosure format which has been adopted by the North American Securities Administrators' Association and is now accepted by the Commission for use in lieu of the Franchise Rule's disclosure format.

## ORDER

### I. COMPLIANCE WITH FRANCHISE RULE

IT IS ORDERED, ADJUDGED AND DECREED that, in connection with the advertising, telemarketing, offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of a franchise, the Defendants and their Representatives are hereby permanently restrained and enjoined from violating, or assisting others to violate, any provision of the Franchise Rule as promulgated, or as it may hereinafter be amended, including, but not limited to:

A.    Failing to provide any prospective franchisee with a complete and accurate basic disclosure document containing all the information in the form required by Sections 436.1(a)(1)-(24) of the Franchise Rule, in the manner and within the time frame prescribed by the Rule;

B.    Failing to provide any prospective franchisee with an earnings claim document as required by Sections 436.1(b)-(e) of the Franchise Rule, in the manner and within the time frame prescribed by the Rule;

C.    Failing to include in any advertisement that states or suggests a specific level of sales, income or gross or net profits that appears in a newspaper or other medium of general

**STIPULATED JUDGMENT AND ORDER**
Page 5

dissemination, including the Internet, the disclosures required by Section 436.1(e) of the

Franchise Rule, including a clear and conspicuous disclosure of the number and percentage of

prior purchasers known to have earned or made the amount claimed;

      D.      Making any earnings claim or projection without having a reasonable basis for the

claim or projection at the time such claim or projection is made, as required by Sections

436.1(b)-(e) of the Franchise Rule; and

      E.      Engaging in any other act or practice prohibited by the Franchise Rule, 16 C.F.R.

Part 436, or failing to fulfill any obligation imposed by the Rule.

*Provided, however,* that if the Commission promulgates a trade regulation rule or rules that

modify or supersede the Franchise Rule, in whole or part, Defendants shall comply fully and

completely with all applicable requirements thereof on and after the effective date of any such

rule; and *provided, further*, that Defendants may choose to comply with the disclosure

requirements of the Franchise Rule now in effect by fully and completely complying with the

disclosure requirements set forth in the UFOC format for so long as the current Rule remains in

force.

## II. PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that in connection with the advertising, telemarketing,

offering for sale, licensing, contracting, sale or other promotion, in or affecting commerce, of any

Franchise, Business Venture, or income-generating product or service, the Defendants and their

Representatives are hereby permanently restrained and enjoined from making, or assisting in the

making of, any statement or representation of material fact that is fraudulent, false, or misleading,

whether directly or by implication, orally or in writing, including, but not limited to, any or all of the following:

A.      The income, profit, or sales volume that a purchaser is likely to achieve;

B.      The income, profit or sales volume actually achieved by prior purchasers;

C.      The length of time that it is likely to take a purchaser to recoup the entire purchase price or investment;

D.      The independence or authenticity of any third-party references, including persons represented to be prior purchasers, that are provided to potential purchasers;

E.      The amount of competition within, or a purchaser's territorial rights to, any geographic territory;

F.      The availability or existence of profitable locations in a purchaser's geographic area; and

G.      The terms and conditions of any assurances, refunds or guarantees of profitability that relate to any location service or company to which a defendant refers a purchaser.

### III. TRANSFER OF CUSTOMER LISTS

IT IS FURTHER ORDERED that the Defendants and their Representatives are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant at any time prior to entry of this Order, in connection with the advertising, promotion, telemarketing, offering for sale or sale of any Franchise, Business Venture or income-generating product or service; *provided, however,* that Defendants may disclose such identifying

**STIPULATED JUDGMENT AND ORDER**
Page 7

information to a law enforcement agency, or as required by any law, regulation (including the limited disclosures required by the Franchise Rule) or court order.

## IV. CIVIL PENALTY

IT IS FURTHER ORDERED that judgment in the amount of Eleven Thousand Dollars ($11,000.00) is hereby entered against the Defendants, jointly and severally, as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. s 45(m)(1)(A); Provided, however, that Five Thousand Dollars ($5,000.00) of this judgment shall be suspended until further order of the Court pursuant to Paragraph V(B) of this Order; and provided further, that this judgment shall be subject to the conditions set forth in Paragraph V of this Order.

A.    Prior to or concurrently with their execution of this Order, Defendants shall turn over a civil penalty payment of Six Thousand Dollars ($6,000.00) to their attorney, who shall hold that amount in escrow. Within five (5) days of receipt of notice of the entry of this Order, Defendants' attorney shall transfer the escrowed civil penalty payment in the form of a wire transfer or certified or cashier's check made payable to the Treasurer of the United States. The check or written confirmation of the wire transfer shall be delivered to the Director, Office of Consumer Litigation, Civil Division, P.O. Box 386, Washington, D.C. 20044. The cover letter accompanying the check shall include the title of this litigation and a reference to DJ# 102-3021.

B.    In the event of default on the civil penalty payment required to be made by this Paragraph, the entire unpaid amount of the civil penalty payment, together with interest computed under 28 U.S.C. § 1961 -- accrued from the date of default until the date of payment -- shall be immediately due and payable. Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by

**STIPULATED JUDGMENT AND ORDER**
Page 8

Plaintiff or the Commission to enforce their rights pursuant to this Order, including but not limited to a nondischargeability complaint in any subsequent bankruptcy proceeding.

C.    Defendants shall cooperate fully with Plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if any of the Defendants fails to pay fully the amount due at the time specified herein. In such an event, Defendants agree to provide Plaintiff and the Commission with their federal and state tax returns for the preceding two years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from Plaintiff or the Commission to do so. Defendants further authorize Plaintiff and the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including but not limited to financial institutions.

D.    In accordance with 31 U.S.C. § 7701, the Defendants are hereby required, unless they have done so already, to furnish to Plaintiff and the FTC their respective taxpayer identifying numbers (social security numbers or employer identification numbers) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of the Defendants' relationship with the government.

## V. ACCURACY OF FINANCIAL INFORMATION

IT IS FURTHER ORDERED that:

A.    Plaintiff's and the Commission's agreement to and the Court's approval of this Stipulated Judgment and Order is expressly premised upon the truthfulness, accuracy, and completeness of the financial statements and information provided by each of the Defendants and their counsel to the Plaintiff; namely, the Government's Form OBD-500 dated May 22, 2000, the

**STIPULATED JUDGMENT AND ORDER**
Page 9

federal tax returns provided by the Individual Defendant, the federal income tax returns provided

by the Corporate Defendant, and Defense Counsel's representation to the Plaintiff that the

Corporate Defendant has dissolved and has no assets. If, upon motion by the Plaintiff, this Court

finds that any of the Defendants' financial statements failed to disclose any asset the value of

which exceeds $1,000, or materially misrepresented the value of any asset, or made any other

material misrepresentations in or omissions of assets, the Plaintiff may request that this

Stipulated Judgment and Order be reopened for the purpose of requiring restitution or additional

civil penalties from each Defendant who made such a misrepresentation or omission; *provided*

*however*, that in all other respects this Stipulated Judgment and Order shall remain in full force

and effect unless otherwise ordered by this Court; and *provided further*, that proceedings

instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal

remedies available by law. Solely for the purposes of reopening or enforcing this Paragraph,

Defendants waive any right to contest any of the allegations set forth in the Complaint filed in

this matter.

      B.    A finding by the Court of any material misrepresentation or omission to the

Commission as to the financial condition of any of the Defendants shall immediately make due

and payable to the Commission from Defendants, the entire civil penalty amount of Eleven

Thousand Dollars ($11,000.00), and a Judgment shall issue against Defendants in that amount.

The Plaintiff or the Commission, or any of their designees, may record and collect the judgment.

**STIPULATED JUDGMENT AND ORDER**
Page 10

## VI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that within five (5) business days of receipt of this Order as entered by the Court, Defendants shall submit to the Plaintiff and the Commission a truthful sworn statement, in the form shown on Appendix A, that shall acknowledge receipt of this Order.

## VII. DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall:

A.    Provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each officer and director, each individual serving in a management capacity, all personnel involved in responding to consumer complaints or inquiries, and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, within five (5) business days after receipt of this Order, and thereafter immediately upon employing any such person, for any business that Defendants directly or indirectly manage, control, or have a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities; and

B.    Maintain for a period of three (3) years after creation, and upon reasonable notice make available to representatives of Plaintiff or the Commission, the original signed and dated acknowledgments of receipt of copies of this Order, as required in Subsection A of this Paragraph.

STIPULATED JUDGMENT AND ORDER
Page 11

## VIII.  COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.      For a period of five (5) years after the date of entry of this Order, the Defendants shall notify the FTC in writing of the following:

1.      Any changes in the residence, mailing addresses and telephone numbers of an Individual Defendant, within ten (10) days of the date of such change;

2.      Any changes in the employment status (including self-employment) of the Individual Defendant, within ten (10) days of such change.  Such notice shall include the name and address of each business that the Individual Defendant is affiliated with or employed by, a statement of the nature of the business, and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment;

3.      Any proposed change in the structure of the Corporate Defendant, or any business entity that the Individual Defendant directly or indirectly manages, controls or has a majority ownership interest in, such as creation, incorporation, dissolution (including the dissolution of any subsidiaries), assignment, proposed filing of a bankruptcy petition, or sale or merger resulting in the emergence of a successor corporation, or any other change in that entity, including a change in the corporate name or address, that may affect any compliance obligation arising out of this Order, at least thirty (30) days prior to the effective date of any such change; *provided, however,* that with respect to any proposed change in the structure of the Corporate Defendant or any business entity that the Individual Defendant directly or indirectly manages, controls or

**STIPULATED JUDGMENT AND ORDER**
Page 12

has a majority ownership interest in, about which the Defendant learns less than thirty

(30) days prior to the date such action is to take place, the Defendant shall notify the

Commission as soon as is practicable after learning of such proposed change;

B.      One hundred eighty (180) days after the date of entry of this Order, Defendants

shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail

the manner and form in which Defendants have complied and are complying with this Order.

This report shall include but not be limited to:

1.      Each Individual Defendant's then current residence address, mailing

addresses and telephone numbers;

2.      Each Individual Defendant's then current employment and business

addresses and telephone numbers, a description of the business activities of each such

employer or business, and the Individual Defendant's title and responsibilities for each

such employer or business;

3.      A copy of each acknowledgment of receipt of this Order obtained by the

corporate or Individual Defendant pursuant to Paragraph VI; and

4.      A statement describing the manner in which the Corporate or Individual

Defendant has complied and is complying with Paragraphs I, II, III and VI of this Order;

C.      Upon written request by a representative of Plaintiff or the Commission,

Defendants shall submit additional written reports (under oath, if requested) and produce

documents on fifteen (15) days' notice with respect to any conduct that is subject to this Order;

D.      For the purposes of this Order, Defendants shall, unless otherwise directed by a

representative of the Commission, identify all written notifications to the FTC as being provided

**STIPULATED JUDGMENT AND ORDER**
Page 13

in reference to FTC Matter No. 0023032, Civil No. 00-6211-GARBER, in the Southern District

of Florida, by Defendant Mitchell Berman and mail them to:

> Associate Director for Marketing Practices
> Federal Trade Commission
> 600 Pennsylvania Ave. N.W. - Room 238
> Washington, DC 20580 .

E.    For the purposes of this Order, Defendants shall, unless otherwise directed by a

representative of Plaintiff, identify all written notifications to Plaintiff as provided in reference to

DJ# 102-3021, and mail them to:

> Director, Office of Consumer Litigation
> U.S. Department of Justice - Civil Division
> P.O. Box 386,
> Washington, D.C. 20044

F.    For the purposes of this Paragraph, "employment" includes the performance of

services as an employee, consultant, or independent contractor; and "employers" include any

individual or entity for whom any Individual Defendant performs services as an employee,

consultant, or independent contractor; and

G.    For purposes of the compliance reporting required by this Paragraph, Plaintiff and

the Commission are authorized to communicate directly with Defendants unless a defendant

requests that such communications be directed to a specified attorney.

## IX. MONITORING COMPLIANCE OF SALES PERSONNEL

IT IS FURTHER ORDERED that, in connection with any business that any Defendant

directly or indirectly manages, controls or has a majority ownership interest in, that is engaged in

the sale or distribution of any Franchise, Business Venture, or income-generating product or

STIPULATED JUDGMENT AND ORDER
Page 14

service, or assisting others engaged in these activities, Defendants and their Representatives are hereby permanently restrained and enjoined from:

A.     Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Paragraphs I and II of this Order. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following:

1.     Listening to the oral representations made by persons engaged in sales or other customer service functions;

2.     Establishing a procedure for receiving and responding to consumer complaints; and

3.     Ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B.     Failing promptly to investigate fully any consumer complaint received by any business to which this Paragraph applies; and

C.     Failing to take corrective action with respect to any sales person whom any Defendant or Representative determines is not complying with this Order, which may include training, disciplining, and/or terminating such sales person;

*Provided, however,* that this Paragraph does not authorize or require a Defendant to take any action that violates any federal, state, or local law.

STIPULATED JUDGMENT AND ORDER
Page 15

## X. RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, in connection with any business that any Defendant directly or indirectly manages, controls or has a majority ownership interest in, that is engaged in the sale or distribution of any Franchise, Business Venture, or income-generating product or service, or assisting others engaged in these activities, Defendants and their Representatives are hereby restrained and enjoined from failing to create and maintain for a period of three (3) years following the date of their creation, unless otherwise specified:

A.      Books, records and accounts that, in reasonable detail, accurately and fairly reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Records containing the name, address, telephone number and social security number of each person employed by any Defendant in any capacity, including as an independent contractor, that person's job title or position, the date upon which the person commenced work, and the date and reason for the person's termination, if applicable; *provided, however*, that the businesses subject to this requirement shall retain such records during the employment of any person, and for a period of two (2) years after the date of their termination;

C.      Records containing the name, address, telephone number, quantity of goods or services purchased, and a description of the goods or services purchased, for all consumers to whom the business has sold, invoiced or shipped any Franchise, Business Venture or income-generating product or service;

D.      Records that reflect, for every written or oral consumer complaint or refund request received by any of the Defendants or their Representatives, whether directly or indirectly

**STIPULATED JUDGMENT AND ORDER**
Page 16

or through any third party: (1) the customer's name, address, telephone number; (2) the dollar

amount paid by the consumer; (3) the written complaint or refund request, if any; (4) the basis of

the complaint or refund request, including the name of any salesperson complained about; (5) the

nature and result of any investigation conducted concerning the complaint or refund request; (6)

each response and the date of the response to the complaint or refund request; and (7) any final

resolution of the complaint or refund request, and the date of the resolution; and (8) in the event

of a denial of a refund request, the reason for the denial; and

E.      Copies of all sales scripts, training materials, advertisements, or other marketing

materials utilized, which shall be retained for three (3) years after the last date of their

dissemination or use.

## XI. ACCESS TO BUSINESS PREMISES

IT IS FURTHER ORDERED that for a period of five (5) years from the date of entry of

this Order, for the purposes of determining or securing compliance with its provisions, the

Defendants and their Representatives shall grant to representatives of Plaintiff and the

Commission, within three (3) business days of receipt of written notice from Plaintiff or the

Commission:

A.      Access during normal business hours to any office or facility storing documents of

any business that any of the Defendants directly or indirectly manages, controls, or has a majority

ownership interest in, that is engaged in the sale or distribution of any Franchise, Business

Venture, or income-generating product or service, or assisting others engaged in such activities.

In providing such access, Defendants shall permit representatives of Plaintiff or the Commission

to inspect and copy all documents relevant to any matter contained in this Order; and shall permit

**STIPULATED JUDGMENT AND ORDER**
Page 17

representatives of Plaintiff or the Commission to remove such documents for a period not to exceed five (5) business days so that the documents may be inspected, inventoried, and copied; and

B.     The opportunity to interview, without restraint or interference, officers, directors, employees, contractors, and agents, including all personnel involved in responding to consumer complaints or inquiries and all sales personnel, whether designated as employees, consultants, independent contractors or otherwise, of any business to which Subsection A of this Paragraph applies, regarding compliance with the provisions of this Order.  Any person interviewed may have counsel present.

*Provided, however,* that upon application of the Plaintiff or the Commission for good cause shown, the Court may enter an *ex parte* order granting immediate access to Defendants' business premises for the purposes of inspecting and copying all documents relevant to any matter contained in this Order.

## XII. AUTHORITY TO MONITOR COMPLIANCE

IT IS FURTHER ORDERED that the Plaintiff and the Commission are authorized to monitor Defendants' compliance with this Order by all lawful means, including but not limited to the following:

A.     Plaintiff and the Commission are authorized, without further leave of Court, to obtain discovery from any person (including a Defendant) in the manner provided by Chapter V of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37, including the use of compulsory process pursuant to Fed. R. Civ. P. 45, for the purpose of monitoring and investigating Defendants' compliance with any provision of this Order.

**STIPULATED JUDGMENT AND ORDER**
Page 18

B.      Plaintiff and the Commission are authorized to use representatives posing as consumers or suppliers to Defendants, Defendants' employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.      Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § 49 and 57b-1, to investigate whether Defendants have violated any provision herein or Section 5 of the FTC Act, 15 U.S.C. § 45, or any applicable rule or regulation promulgated and enforced by the Commission, including the Franchise Rule, 16 C.F.R. § 436.

## XIII. FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, for the enforcement of compliance therewith, or for the punishment of violations thereof.

## XV. COMPLETE SETTLEMENT

The parties, by their respective counsel, hereby consent to entry of the foregoing Order which shall constitute a final judgment and order in this matter.  The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action. *All pending motions are denied as moot.* $\Delta t/b$.

**STIPULATED JUDGMENT AND ORDER**
Page 19

SO ORDERED this 6 day of December 2000.

UNITED STATES DISTRICT JUDGE

Of Counsel:

EILEEN HARRINGTON
Associate Director for
 Marketing Practices
Federal Trade Commission
Washington, D.C. 20580

CRAIG TREGILLUS
Attorney
Federal Trade Commission
Washington, D.C. 20580
PHONE: 202-326-2970
FAX: 202-326-3395

FOR THE UNITED STATES OF AMERICA:

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

THOMAS E. SCOTT
United States Attorney

By:

NANCY LANGSTON
Assistant United States Attorney
Fla. Bar No. A5500437
99 N.E. 4th Street
3rd Floor
Miami, Florida 33132
PHONE: 305-961-9012
FAX: 305-530-7139

RICHARD N. GOLDBERG
Trial Attorney
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-307-2532
FAX: 202-514-8742
EMAIL: richard.goldberg@usdoj.gov

**STIPULATED JUDGMENT AND ORDER**
Page 20

FOR THE DEFENDANTS:

JOHN F. O'DONNELL
on behalf of Jumping Java Coffee, Inc.
Fla. Bar. No. 264891
2648 Northeast 26th Place
Fort Lauderdale, FL 33306
PHONE: 954-563-9993
FAX: 954-563-9995


MITCHELL BERMAN
individually and as officer of
Jumping Java Coffee, Inc.

**STIPULATED JUDGMENT AND ORDER**
Page 21